IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eugeniu Gudima and Galina Bejenari,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. Citizenship and Immigration Services, Alejandro Mayorkas, Ur M. Jaddou, and Merrick B. Garland,<br><br>Defendants. | ) | C/A No.: 0:26-182-SAL-SVH<br><br>REPORT AND RECOMMENDATION |

Eugeniu Gudima ("Mr. Gudima") and Galina Bejenari ("Ms. Bejenari") (collectively "Plaintiffs") filed this case requesting the court direct U.S. Citizenship and Immigration Services ("USCIS"), former United States Secretary of Homeland Security Alejandro Mayorkas, former director of USCIS Ur Jaddou, and former United States Attorney General Merrick B. Garland (collectively "Defendants") to process their Form I-485 applications for adjustment of status. [ECF No. 1].

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the complaint without issuance and service of process for lack of subject-matter

jurisdiction.

I. Procedural and Factual Background

Plaintiffs are residents of Fort Mill, South Carolina. [ECF No. 1 at 2]. They allege they were granted indefinite asylum on December 5, 2022. *Id.* at 2, 3. They state they appropriately filed Form I-485 applications on December 26, 2023, more than one year after being granted asylum, and completed biometrics on January 15, 2024. *Id.* They maintain they have clean immigration and criminal records and have complied with all statutory and regulatory requirements. *Id.* at 3. They indicate they have not received requests for evidence, notices of intent to deny, interview notices, or any other substantive evidence or notices since January 2024. *Id.* They contend they submitted a case inquiry and were informed by USCIS that their cases were being considered "within processing times," although they received no substantive explanation for the delay or action on their applications. *Id.* They claim Defendants have taken no action to adjudicate their Form I-485 applications within a reasonable time. *Id.* at 2.

Plaintiffs request the court compel Defendants to adjudicate their Form I-485 applications within a reasonable time, not to exceed 60 days, grant their costs and reasonable fees as permitted by law, and grant such other and further relief as the court deems just and proper. *Id.* at 4.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the complaint. Pro se actions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiffs' allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).

The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which a pro se party could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Even when a filing fee is paid, the court possesses the inherent authority to ensure that plaintiffs have standing, that federal jurisdiction exists, and that the case is not frivolous. *See Ferguson v. Wooton*, 741 F. App'x 955 (4th Cir. 2018) (collecting cases and explaining that "[f]rivolous complaints are

subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee" and that "dismissal prior to service of process is permissible when a court lacks subject matter jurisdiction").

B. Analysis

Plaintiffs assert this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1361 and the Administrative Procedures Act, 5 U.S.C. § 555(b) and § 706 ("APA"), over this action concerning their application for change of status.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statutes." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject-matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Adjustments of status are addressed in the Immigration and Nationality Act ("INA") as follows:

> The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a). However, the INA specifies that "no court shall have jurisdiction to review—(i) any judgment regarding the granting of relief under section . . . 1255 of this title, or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the grant of relief under section 1158(a) of this title. 8 U.S.C. § 1252(a)(2)(B). Thus, "[t]he INA specifically closes to the door to judicial review of certain discretionary agency decisions, including the denial of an application for adjustment of status." *Lee v. U.S. Citizenship and Immigration Services*, 592 F.3d 612, 619 (4th Cir. 2010). This means the court lacks jurisdiction under 28 U.S.C. § 1331 over a final decision on an application for change of status.

Plaintiffs direct the court to § 706 of the APA, which states: "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an

agency action. The reviewing court shall—(1) *compel agency action unlawfully withheld or unreasonably delayed*. 5 U.S.C. § 706(1) (emphasis added). As in this case, plaintiffs in other cases have argued that despite the INA's having foreclosed judicial review of denials of applications for adjustment of status, the APA still permits federal district courts to compel agency action where decisions on applications for adjustment of status are unreasonably delayed. Thus, while those plaintiffs recognized the court does not have jurisdiction to review the decision itself, they argue courts have jurisdiction to compel action on the application.

The Fourth Circuit has found "[t]he APA 'is not a jurisdiction-conferring statute.'" *Lee v. U.S. Citizenship and Immigration Services*, 592 F.3d 612, 619 (4th Cir. 2010) (citing *Trudeau v. FTC*, 456 F.3d 178, 183 (D.C. Cir. 2006). The court explained:

> Rather, the jurisdictional source for an action under the APA is the "federal question" statute, which grants the district court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331, and thereby "confer[s] jurisdiction on federal courts to review agency action." *Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The judicial review provisions of the APA, *see* 5 U.S.C. § 701–706, simply provide "a limited cause of action for parties adversely affected by agency action." *Trudeau*, 456 F.3d at 185; *see Bowen v. Massachusetts*, 487 U.S. 879, 881n. 16, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) ("[I]t is common ground that if review is proper under the APA, the District Court ha[s] jurisdiction under 28 U.S.C. § 1331.").

*Id.* It further indicated:

> Although the APA embodies a "basic presumption of judicial review" of final agency action, *Lincoln v. Vigil*, 508 U.S. 182, 190, 113 S.Ct. 2024, 124 L.Ed.2d 101 (1993) (internal quotation marks omitted), its judicial review provisions do not apply where "statutes preclude judicial review." 5 U.S.C. § 701(a)(1); *see Wade v. Blue*, 369 F.3d 407, 411 n.2 (4th Cir. 2004) ("[A] specific limitation of federal court jurisdiction . . . overrides the general grant of jurisdiction in § 1331.").

*Id.*

Nevertheless, the Fourth Circuit has not specifically considered whether courts have jurisdiction under § 706 of the APA to compel action on an application for an adjustment of status. Some courts have found that the foreclosure of jurisdiction to review final decisions on adjustment of status applications does not preclude courts from compelling action on the application, while others have reached the opposite conclusion. *See Kale v. Jaddou*, No. 5-22l-cv-338-FL, 2023 WL 4939367, at *5–*6 (E.D.N.C. Aug. 2, 2023) (concluding the court lacked subject-matter jurisdiction, but acknowledging that courts were split as to this matter) (citing, e.g., *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 740 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary has unlawfully delayed or withheld final adjudication of a status adjustment application."); *Bian v. Clinton*, 605 F.3d 249, 253–54 (5th Cir. 2010), *vacated as moot*, No. 09-10558, 2010 WL 3633770 (5th Cir. Sept 16, 2010) (finding the court lacked jurisdiction over a claim alleging unreasonable delay in processing an

adjustment of status application); *Namarra v. Mayorkas*, 924 F. Supp. 2d 1058, 1064 (D. Minn. 2013) (collecting cases and finding no jurisdiction over claims challenging the pace of adjudication of status adjustment applications); *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004) ("[T]he [US]CIS simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely.")).

This court has previously rejected the argument and found the court lacks subject matter jurisdiction over the matter, explaining:

> "Congress [has] stripped courts' jurisdiction over discretionary 'decision[s] or action[s]' made by the Attorney General or Secretary of Homeland Security that relate to certain immigration issues." *Zhang v. Chertoff*, 491 F. Supp. 2d 590, 591–92 (W.D. Va. 2007) (some alterations in original) (quoting 8 U.S.C.A. § 1252(a)(2)(B)(ii)). "The adjustment of an alien's status is, by law, such an immigration issue left to the discretion of the Attorney General." *Id.* (citing 8 U.S.C.A. § 1255(a)). In evaluating claims similar to the present case, courts have held that § 1252(a)(2)(B)(ii) divests the federal district courts of jurisdiction over such claims because § 1255(a) gives "USCIS discretion over the entire application process, including its pace." *Id.* at 594; *see also Patel v. Gonzales*, No. DKC 2007-1625, 2008 WL 11509689, at *3 (D. Md. Mar. 31, 2008) (explaining discretionary actions include the entire process of viewing an adjustment application, including the pace at which the process proceeds and holding that 8 U.S.C. § 1252(a)(2)(B)(ii) effectively divests th[e] court of jurisdiction to review the pace at which USCIS adjudicates claims"); *Baqai v. Chertoff*, No. DKC 2007-0322, 2008 WL 11509718, at *4 & n.5 (D. Md. Mar. 28, 2008) ("A growing number of trial courts have dismissed similar actions for lack of subject matter jurisdiction, under the rationale that 8 U.S.C. §§ 1255(a) and 1252(a)(2)(B)(ii), of the [INA], preclude judicial review of any discretionary 'decision or action' of the Attorney General in immigration matters, including the pace of review of an I-485 application.") (collecting

> cases); *Shalev v. Gonzales*, No. PJM-07-cv-256, 2007 WL 9782605, at *1 (D. Md. Sept. 24, 2007) ("A district court is precluded from exercising jurisdiction to compel USCIS to adjudicate the I-485 application under the mandamus statute, the [APA], or the Declaratory Judgment Act.").

*Chen v. Mayorkas*, No. 8:23-cv-315-HMH-JDA, 2023 WL 2313633, at *3 (D.S.C. Feb. 3, 2023), *report and recommendation adopted by* 2023 WL 2308513 (Mar. 1, 2023); *see also Rashford v. Garland*, No. 2:24-cv-4429-BHH-MGB, 2024 WL 4437727 (D.S.C. Sept. 17, 2024), *report and recommendation adopted by* 2024 WL 4433420 (Oct. 7, 2024) (finding "8 U.S.C. § 1252(a)(2)(B)(ii) expressly divests this court of subject matter jurisdiction"); *Dosmetova v. U.S. Citizenship and Immigration Services*, No. 3:24-7409-SAL-PJG (D.S.C. Feb. 7, 2025) (recommending dismissal of action for a writ of mandamus compelling USCIS to adjudicate application to adjust status for lack of subject-matter jurisdiction) (voluntarily dismissed by the plaintiff following issuance of report and recommendation).

Plaintiffs also cite 28 U.S.C. § 1361 as providing a jurisdictional basis for their claim, but this court has rejected that argument, as well. In *Rashford*, the court found the plaintiff's reliance on the Mandamus Act and the APA to provide a jurisdictional basis for the claim were misplaced. It explained: "The Mandamus Act provides that 'district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'"

*Rashford*, 2024 WL 4437727 at *3 (citing 28 U.S.C. § 1361). However, it explained: "While USCIS may have a non-discretionary duty to adjudicate an application for permanent residence status, the pace of processing that application is generally considered to be discretionary" and "the Mandamus Act and APA do not allow this Court to compel agency action in response to" a "claim of unreasonable delay." *Id.*

Given the explanations in *Chen*, *Rashford*, and *Dosmetova*, the undersigned recommends the court find it lacks subject-matter jurisdiction over the matter, as the INA strips the court of judicial review under § 1331 by expressly prohibiting it from reviewing a decision on a change of status, and neither the Mandamus Act nor the APA permit the court to compel action on an application.

## III. Conclusion

For the foregoing reasons, the undersigned recommends the court dismiss the complaint without prejudice and without issuance and service of process for lack of subject-matter jurisdiction.

IT IS SO RECOMMENDED.

February 9, 2026
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).