IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugeniu Gudima and Galina Bejenari,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. Citizenship and Immigration Services, Alejandro Mayorkas, Ur M. Jaddou, and Merrick B. Garland,<br><br>Defendants. | C/A No.: 0:26-cv-182-SAL<br><br>**ORDER** |

Plaintiffs filed this action asking the court to direct Defendants to process Plaintiffs' pending I-485 applications. *See* ECF No. 1. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Shiva V. Hodges and made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(b)(2) (D.S.C.). [ECF No. 7.] The Report recommends summary dismissal of this matter for lack of subject matter jurisdiction. *Id*. Attached to the Report was a notice advising Plaintiffs of the procedures and requirements for filing objections to the Report. *Id*. Plaintiffs timely objected. [ECF No. 10.] For the reasons that follow, this court adopts the Report and summarily dismisses the action.

**BACKGROUND**

Plaintiffs allege they were granted asylum on December 5, 2022, filed Form I-485 applications for adjustment of status on December 26, 2023, and then completed their biometrics on January 15, 2024. [ECF No. 1 at 3.] Plaintiffs allege that they have not received any requests for evidence, denials, or substantive updates from U.S. Citizenship and Immigration Services ("USCIS") since that time. *Id*. Plaintiffs further allege that after receiving no communications from USCIS, they submitted a case inquiry and were informed that their cases were being considered

"within processing times" with no further explanation for the delay. *Id*. Plaintiffs now ask this court to compel Defendants to adjudicate their Form I-485 applications within a reasonable time, not to exceed 60 days, grant their costs and reasonable fees as permitted by law, and grant such other and further relief as the court deems just and proper. *Id*.

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id*. To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id*. (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of the claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id*. Nevertheless, a party must do more than state, "I object." *Id*.

Because Plaintiffs are proceeding pro se, the court is charged with liberally construing the pleadings to allow them to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

The court incorporates the relevant factual background and legal standards as outlined in the Report and agrees that it lacks subject matter jurisdiction. Accordingly, the complaint must be summarily dismissed without prejudice. *See* ECF No. 7.

As explained in the Report, federal courts are courts of limited jurisdiction. *See id.* at 4. And the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(B)(ii), strips courts of jurisdiction to review a discretionary decision or action by the Attorney General or Secretary of Homeland Security. *See Safadi v. Howard*, 466 F. Supp. 2d 696, 700 (E.D. Va. 2006) ("[Section] 1252(a)(2)(B)(ii) precludes judicial review of any 'action,' meaning any act or series of acts, included within the ongoing adjudication process and the pace at which that action proceeds."). Thus, the court lacks subject matter jurisdiction, and this case must be dismissed.

Plaintiffs object, asserting that the ultimate grant or denial of adjustment status is discretionary, and thus unreviewable by the court, while the duty to process and adjudicate applications without unreasonable delay is nondiscretionary. [ECF No. 10 at 1–2.] Plaintiffs argue that the court has subject matter jurisdiction to review their claim of delay pursuant to 28 U.S.C. §§ 1331 and 1361 and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1). *Id.* at 1–4. Plaintiffs rely on § 706(1) of the APA, urging the court that despite the INA's foreclosure of

judicial review of denial of applications for adjustment of status, the APA still permits courts to compel agency action where decisions on applications are unreasonably delayed. *Id.* at 2.

The APA, however, "is not a jurisdiction-conferring statute," so Plaintiffs must identify a separate basis for jurisdiction, such as § 1331. *Lee v. U.S. Citizenship and Immigration Servs.*, 592 F.3d 612, 619 (4th Cir. 2010) (citing *Trudeau v. FTC,* 456 F.3d 178, 183 (D.C. Cir. 2006)). But the INA expressly divests district courts of any judicial review of discretionary actions under the INA, foreclosing any jurisdiction that might otherwise exist under § 1331. *See* 8 U.S.C. § 1252(a)(2)(B)(ii). The APA does not change that result because its judicial review provisions do not apply where, as here, the governing statute precludes judicial review. *Lee*, 592 F.3d at 619 (citing *Trudeau,* 456 F.3d at 183). Moreover, this court has interpreted § 1255(a) to give "USCIS discretion over the entire application process, including its pace." *Chen v. Mayorkas*, No. 8:23-cv-315-HMH-JDA, 2023 WL 2313633, at *3 (D.S.C. Feb. 3, 2023), *report and recommendation adopted by* 2023 WL 2308513 (Mar. 1, 2023) (citing *Zhang v. Chertoff*, 491 F. Supp. 2d 590, 591–92 (W.D. Va. 2007)); *see also Rashford v. Garland*, No. 2:24-cv-4429-BHH-MGB, 2024 WL 4437727 (D.S.C. Sept. 17, 2024), *report and recommendation adopted by* 2024 WL 443420 (Oct. 7, 2024) (finding 8 U.S.C. § 1252(a)(2)(B)(ii) divests district courts of jurisdiction to review the pace of applications to adjust status).

Additionally, Plaintiffs lack a jurisdictional basis for their claim under the Mandamus Act. Under that act, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Rashford*, 2024 WL 4437727, at *3 (quoting 28 U.S.C. § 1361). Mandamus cannot be used, however, to compel federal officers to perform discretionary duties. *Id.* The pace at which an application is processed by USCIS is generally considered discretionary,

and therefore, the Mandamus Act does not allow the court to compel agency action in response to a claim of unreasonable delay.[1] *Id*.

For these reasons and those in the Report, the court overrules Plaintiffs' objections. This case must be summarily dismissed for lack of subject matter jurisdiction.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' objections are overruled, and the Report, ECF No. 7, is **ADOPTED** in its entirety. The petition is **DISMISSED WITHOUT PREJUDICE and WITHOUT ISSUANCE AND SERVICE OF PROCESS.**

**IT IS SO ORDERED.**

Sherri A. Lydon

September 8, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

[1] The delay alleged here is not one that is "so unreasonable as to be tantamount to a refusal to process the application." *See Safadi*, 466 F. Supp. 2d at 700 (finding there was no jurisdiction over a delay of "nearly four years" in processing an I-485 application).